UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Teresa Gallop, | Case No. 24-cv-1357 (JWB/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Michael Segal, Warden, | |
| Respondent. | |

Petitioner Teresa Gallop has filed a petition for a writ of habeas corpus challenging how the Bureau of Prisons (BOP) has calculated her First Step Act time credits (FTCs) and requesting immediate transfer to prerelease custody. (Dkt. No. 1). The petition comes before the Court for initial review pursuant to Rule 4 of The Rules Governing Section 2254 Cases in the United States District Courts.[1] Upon that review, this Court recommends that the petition be dismissed for failure to state a cognizable habeas claim.

In April 2018, Gallop was sentenced in the Eastern District of Virginia to a total term of imprisonment of 129 months, followed by five years of supervised release after resolving her two criminal cases—*United States v. Gallop,* Case No. 4:16-CR-00086 (E.D. Va.) (*Gallop I*) and *United States v. Gallop*, Case No. 4:16-CR-00088 (E.D. Va.) (*Gallop II*)—by pleading guilty to two counts of conspiracy to commit bank and wire fraud in violation of 18 U.S.C. § 1349 and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A. *See* J. Crim. Case, *Gallop II* (Dkt. No. 108). In June 2018, Gallop was found to be in violation of her supervised release in a separate federal criminal case

---

[1] Gallop's habeas petition is not brought pursuant to 28 U.S.C. § 2254. Nevertheless, the Rules Governing Section 2254 Cases may be applied to her petition. *See* Rule 1(b).

and was sentenced to a term of incarceration of 24 months, to be served consecutively to the 129 months imposed in *Gallop I* and *Gallop II*. Order, *United States v. Gallop*, Case No. 2:8-CR-00217 (MSD/TEM) (E.D. Va. June 14, 2018) (Dkt. No. 121). Gallop is currently serving her total term of imprisonment of 153 months at the Federal Correctional Institution, Waseca, Minnesota ("FCI-Waseca"). (Dkt. No. 1).

To be granted relief under Section 2241, Gallop must demonstrate that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In this case, Gallop's habeas petition asserts two claims for relief. First, Gallop says that even though her "unit team" requested that she serve 365 days (12 months) at a residential reentry center ("RRM"), but the RRM approved her placement for less than 12 months. Second, Gallop claims that the BOP has failed to properly calculate and apply her FTCs to her supervised release and prerelease custody dates. (Dkt. No. 1). Gallop requests an order directing the BOP to properly calculate her FTCs and to immediately transfer her to prerelease custody. *Id.*

These claims implicate the Second Chance Act of 2007 ("SCA") and the First Step Act of 2018 ("FSA"). The FSA established incentives for prisoners to successfully participate in the "evidence-based recidivism reduction programs or productive activities" recommended by their individualized "risk and needs assessments." *See* 18 U.S.C. § 3632(a). The most attractive incentive for prisoners is likely the opportunity to earn FTCs towards their supervised release or prerelease custody dates. *See* 18 U.S.C. § 3632(d)(4)(A). Section 3632(d)(4)(C) provides that the BOP shall apply FTCs to an eligible prisoner's supervised release or prerelease custody date in accordance with 18 U.S.C. § 3624(g). *See* 18 U.S.C. § 3632(d)(4)(C).

Section 3624(g), in turn, directs the BOP to apply FTCs to eligible prisoners who have "earned time credits . . . in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A). Eligible federal inmates can earn no more than 365 days of credit towards their supervised release date. *See* 18 U.S.C. § 3624(g)(3). Further, as relevant here, the FSA "revised the provisions for early release to halfway houses or home confinement that had been in place under the Second Chance Act of 2007." *United States v. Vang*, Case No. 16-CR-27, 2020 WL 4704875, *2 (D. Minn. Aug. 13, 2020) (citing 18 U.S.C. § 3624(c)(1)).

In this case, the BOP has already applied 365 days of Gallop's earned FTCs to her supervised release date. (Dkt. No. 1-1, p. 2). Thus, any additional FTCs she has earned would be applied to her prerelease custody date. As the Court understands it, Gallop contends that the BOP has failed to properly calculate and credit all her FTCs to her prerelease custody date. (Dkt. No. 1).

But as the courts in this District have repeatedly held, the BOP has exclusive authority to determine the placement of prisoners under 18 U.S.C. § 3624(c), including their placement in home confinement. *See Garcia v. Eischen*, No. 22-CV-444, 2022 WL 4084185, at *2 (D. Minn. Aug. 16, 2022) (collecting cases). "[I]t is the BOP—not the courts—who decides whether home detention is appropriate." *Williams v. Birkholz*, No. 20-CV-2190, 2021 WL 4155614, at *3 (D. Minn. July 20, 2021), *report and recommendation adopted*, 2021 WL 4155013 (D. Minn. Sept. 13, 2021). Nothing in the FSA or SCA abrogated the BOP's exclusive authority to determine the placement of prisoners. *Vang*, 2020 WL 4704875, at *2. Courts, moreover, "have consistently held that placement questions are not reviewable." *Id.* This Court, therefore, has no authority

to review the BOP's decisions on where Gallop should serve her term of imprisonment. *Id.* at *3 (concluding that the court lacks authority to consider defendant's request for home confinement because such placement decisions are within the sole discretion of the BOP).

In any event, both of Gallop's claims concern the timing of her placement in prerelease custody. A habeas petitioner, however, may challenge only the fact or duration of her confinement. *Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). In requesting an order directing the BOP to place her in pre-release custody for 365 days (claim one) or to immediately transfer her to prerelease custody (claim two), Gallop is not challenging the fact or duration of her confinement; rather, she is challenging the *appropriate place* of her confinement. *See United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) (discussing home confinement as a place of confinement); *see also Williams v. Birkholz*, Case No. 20-CV-2190 (ECT/LIB), 2021 WL 4155614, at *6 (D. Minn. July 20, 2021) ("A prisoner is transferred to home confinement not released to home confinement because home confinement is a place of incarceration."). Thus, because Gallop is not challenging the legality of her detention—that is, the fact or duration of his confinement—in her petition, a writ of habeas corpus is not the correct vehicle to obtain relief for the alleged violation of her rights.[2] *See Jorgensen v. Birkholz*, No. 20-CV-2349, 2021 2935641, at *1 (D. Minn. July 13, 2021). Thus, for all the reasons outlined above, this Court recommends that Gallop's habeas petition be denied.

---

[2] It is worth noting, moreover, that "it is [] well established that prisoners do not have a constitutional right to placement in a particular facility or place of confinement." *United States v. James*, 15-CR-255 (SRN), 2020 WL 1922568, at *2 (D. Minn. Apr. 21, 2020).

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT: Petitioner Teresa Gallup's petition for habeas corpus relief under 28 U.S.C. § 2241, (Dkt. No. 1), be **DENIED**, and this matter be **DISMISSED WITHOUT PREJUDICE**.

Dated: May 14, 2024  ___s/David T. Schultz_____
DAVID T. SCHULTZ
U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).